GLENN H. TRUITT, ESQ. (Nevada Bar No. 12506)
gtruitt@privatewealthlawinc.com
**PRIVATE WEALTH LAW, INC.**
400 South Fourth Street, Suite 540
Las Vegas, NV 89101
Telephone: (702) 852-6601

*Attorneys for Plaintiff,*
*Auth Token LLC*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Auth Token LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Credit One Bank, N.A.,<br><br>　　　　Defendant. | CASE NO.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Auth Token LLC ("Plaintiff"), through its attorneys, complains of Credit One Bank, N.A. ("Defendant"), and alleges the following:

### I.　PARTIES

1.　Plaintiff Auth Token LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th St, Suite 1003, New York, NY 10001.

2.　Defendant Credit One Bank, N.A. is a corporation organized and existing under the laws of the United States that maintains an established place of business at 6801 S Cimarron Rd, Las Vegas, NV 89113.

1

## II. JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## III. VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## IV. PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 8,375,212 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## V. THE '212 PATENT

8. The '212 Patent is entitled "Method for personalizing an authentication token," and issued 2013-02-12. The application leading to the '212 Patent was filed on 2010-12-27. A true and correct copy of the '212 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

# FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF THE '212 PATENT

9. Plaintiff incorporates the above paragraphs herein by reference.

10. **Direct Infringement**. Defendant directly infringed one or more claims of the '212 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary method claims of the '212 Patent also identified in the charts incorporated into this Count below (the "Exemplary '212 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '212 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

11. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '212 Patent Claims, by having its employees internally test and use these Exemplary Products.

12. Exhibit 2 includes charts comparing the Exemplary '212 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '212 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '212 Patent Claims.

13. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

14. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

15. A judgment that the '212 Patent is valid and enforceable;

16. A judgment that Defendant has infringed directly one or more claims of the '212 Patent;

17. An accounting of all damages not presented at trial;

18. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement at least with respect to the '212 Patent;

19. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

20. That this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

21. That Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

22. That Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

## JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: December 18, 2025

    Respectfully submitted,
    /s/ Glenn H. Truitt, Esq.
    Glenn H. Truitt, Esq.
    Private Wealth Law, Inc.
    400 South Fourth Street, Suite 540 Las Vegas, NV 89101
    (702) 852-6601
    gtruitt@ivpratewealthlawinc.com

    Isaac Rabicoff
    Rabicoff Law LLC
    *(Pro hac vice application forthcoming)*
    4311 N Ravenswood Ave Suite 315
    Chicago, IL 60613
    (773) 6694590
    isaac@rabilaw.com
    *Counsel for Plaintiff*
    **Auth Token LLC**